In the Matter of the Claim of WILLIAM DAVIS, Respondent, v. ALBERT ACAN X-RAY SOLUTIONS, INC., et al., Appellants, and HARTFORD ACCIDENT & INDEMNITY INSURANCE Co., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal from decision of the Workmen's Compensation Board awarding compensation to the claimant and holding the appellant carrier and Hartford Accident & Indemnity Insurance Company equally liable for the accidents of August 30, 1961 and December 6, 1962. The appellant alleges that there was no accident on December 6, 1962 and that the disability was due entirely to the prior accident. The record shows that while employed on December 6, 1962 the claimant, in the course of his employment, bent down to pick up a bottle, felt a sudden pain in his back and as testified to by the claimant "I was unable to straighten up for quite a while". The claimant further testified that he did not work from the date of the accident, December 6, 1962 until June 10, 1963 when he obtained a job at a salary less than half of what he was making prior thereto. There was substantial medical testimony to sustain the board's finding. Dr. Sigmund Chessid testified as follows: "Q. With this pre-existing condition, could this bending down to lift this seventy pound solution bottle and the feeling of sudden sharp pain in his lower back; could that have

been competent, this accident of lifting down to do this, to precipitate the acute episode by way of aggravation? A. Definitely." His opinion coincided with that of Dr. Melvin C. Goldberg: ". Q. * * * Did the incident of feeling this pain and being unable to straighten up and then attempting to lift this 70-pound bottle, coupled with the further bending over to pick the package up, did that play some part in increasing symptoms? A. Very definitely." Whether there was a second accident was a question of fact. In *Matter of Giordano* v. *Hudson Dairy Co.* (6 A D 2d 936, 937), we said: " It is not for us to decide the facts as to the sufficiency of the happening of the second accident provided the record as a whole is substantial and credible, which we find it to be. (*Matter of Kayser* v. *Erie County Highway Dept.*, 276 App. Div. 789; *Matter of Ussach* v. *Carolee Shops*, 282 App. Div. 902, 903; *Matter of Daniels* v. *Costick Co.*, 4 A D 2d 896.) " In *Matter of Scavo* v. *Frank D'Aprile, Inc.* (7 A D 2d 679), we found that " There was substantial evidence for the board to make a finding of fact that the claimant suffered a second injury on the 21st of July, 1955 ". Decision affirmed, with costs to respondents filing briefs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.